# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ALI,<br><br>        Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendant. | Case No. 1:19-cv-00450-AWI-SKO<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS** |

On March 5, 2019, Plaintiff Hussein Ali, proceeding *pro se*, filed a complaint against Defendants Trans Union, LLC[1] and Experian Information Solutions, Inc., in Fresno County Superior Court. (Doc. 1-1.) On April 5, 2019, Defendant Experian removed the case to this court. (Doc. 1.)

The Court set a Mandatory Scheduling Conference for June 27, 2019, and ordered the parties to file a Joint Scheduling Report by June 20, 2019. (Doc. 2.)

---

[1] Trans Union was dismissed as a defendant on May 7, 2019, pursuant to the parties' stipulation. (Docs. 6, 7.)

On June 27, 2019, Plaintiff failed to appear at the scheduling conference. (Doc. 11.) Thus, the Court continued the scheduling conference to August 8, 2019, and directed the parties to file an updated joint scheduling report by August 1, 2019. (*Id.*) The Court also warned Plaintiff: **"The Court ADMONISHES Plaintiff that if he fails to appear without good cause at the scheduling conference on August 8, 2019, the Court will recommend to the assigned district judge that Plaintiff's complaint be dismissed for failure to prosecute and failure to comply with a court order."** (*Id.*) (emphasis in original). On August 8, 2019, Plaintiff failed to appear at the Mandatory Scheduling Conference. (*See* Doc. 14.)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110; *see also* E.D. Cal. L.R. 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, due to Plaintiff's pattern of disregard for the Court's orders in this case, and his failure to appear at the June 27, 2019, and the August 8, 2019, scheduling conference dates, **Plaintiff is ORDERED to show cause, in writing, within fourteen (14) days of the date of service of this Order, why a recommendation should not issue for Plaintiff's complaint to be dismissed for failure to prosecute and failure to comply with court orders.**

IT IS SO ORDERED.

2

Dated: **August 8, 2019**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE