# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ALI,<br><br>    Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 1:19-cv-00450-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE AND OBEY THE COURT'S ORDERS**<br><br>**(Docs. 11, 15)**<br><br>**OBJECTIONS DUE: 14 DAYS** |

On March 5, 2019, Plaintiff Hussein Ali, proceeding *pro se*, filed a complaint against Defendants Trans Union LLC[1] and Experian Information Solutions, Inc., in Fresno County Superior Court. (Doc. 1-1.) On April 5, 2019, Defendant Experian removed the case to this court. (Doc. 1.)

The Court set a Mandatory Scheduling Conference for June 27, 2019, and ordered the parties to file a Joint Scheduling Report by June 20, 2019. (Doc. 2.)

---
[1] Trans Union was dismissed as a defendant on May 7, 2019, pursuant to the parties' stipulation. (Docs. 6, 7.)

On June 27, 2019, Plaintiff failed to appear at the scheduling conference. (Doc. 11.) Thus, the Court continued the scheduling conference to August 8, 2019, and directed the parties to file an updated joint scheduling report by August 1, 2019. (*Id.*) The Court also warned Plaintiff: **"The Court ADMONISHES Plaintiff that if he fails to appear without good cause at the scheduling conference on August 8, 2019, the Court will recommend to the assigned district judge that Plaintiff's complaint be dismissed for failure to prosecute and failure to comply with a court order."** (*Id.*) (emphasis in original). On August 8, 2019, Plaintiff failed to appear at the Mandatory Scheduling Conference. (*See* Doc. 14.)

Due to Plaintiff's failure to appear at the scheduling conference, the Court entered an Order to Show Cause ("OSC") directing Plaintiff to show cause by August 22, 2019, why the Court should not recommend that the case be dismissed for failure to prosecute and failure to comply with the Court's orders. (Doc. 15 at 3.) Plaintiff failed to respond to the OSC by August 22, 2019 and has not filed a response to date.

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to

1 comply with local rules); *Lopez v. Chase Home Fin.*, No. CVF09-0449 LJOGSA, 2009 WL 1098760, at *1 (E.D. Cal. Apr. 20, 2009) (dismissal of certain defendants for failure to comply with court).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423–24; *see also Ferdik*, 963 F.2d at 1260–61; *Thompson*, 782 F.2d at 831. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as it appears Plaintiff lacks interest in pursuing this case. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that the failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

The June 27, 2019 Order expressly warned Plaintiff that his failure to appear at the August 8, 2019 Mandatory Scheduling Conference would result in the undersigned recommending dismissal of this case. (Doc. 11.) The August 8, 2019 OSC expressly ordered Plaintiff to file a statement showing cause why the Court should not recommend to the assigned district judge that this case be dismissed. (Doc. 15 at 3.) Thus, Plaintiff had adequate warning that sanctions, up to and including dismissal of the case, would result from his noncompliance with the OSC. Plaintiff has demonstrated a general lack of concern for court orders throughout the case and the Court has

1 warned Plaintiff regarding his failure to prosecute this case and follow the Court's Orders. (*See* Docs. 11, 15.)

In light of the foregoing, and pursuant to Local Rule 110 and the Court's inherent sanction authority, the undersigned RECOMMENDS that this case be dismissed with prejudice.

**CONCLUSION AND RECOMMENDATION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE based on Plaintiff's failure to obey the Court's Orders of June 27, 2019, (Doc. 11), and August 8, 2019, (Doc. 15), and Plaintiff's failure to prosecute the case.

The Court further DIRECTS the Clerk to send a copy of this order to Plaintiff at his address listed on the docket for this matter.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**September 9, 2019**__      /s/ *Sheila K. Oberto*
                                                               UNITED STATES MAGISTRATE JUDGE